Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000653
12-DEC-2019
07:57 AM

NO. CAAP-18-0000653

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
VICTORINO PHILLING, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTA-17-01938)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Victorino Philling (**Philling**)
appeals from the July 30, 2018 Notice of Entry of Judgment and/or
Order and Plea/Judgment (**Judgment**) entered in the Honolulu
Division of the District Court of the First Circuit (**District
Court**).[1]  Following a bench trial, Philling was convicted on two
counts:  (1) Operating a vehicle after license and privilege have
been suspended or revoked for operating a vehicle under the
influence of an intoxicant; penalties (**OVUII with prior**

---

[1]  The Honorable William M. Domingo presided.

revocation), in violation of Hawaii Revised Statutes (**HRS**) §
291E-61(a)(1) and/or (a)(2) (2007 and Supp. 2018);[2] and (2)
Consuming or Possessing Intoxicating Liquor While Operating Motor
Vehicle or Moped (**Open Container**), in violation of HRS § 291-
3.1(b) (2007).[3]

Philling raises two points of error on appeal,
contending that: (1) his constitutional right to testify was
violated when the District Court failed to administer a complete

---

[2]    HRS § 291E-62 provides, in relevant part:

**§ 291E-62  Operating a vehicle after license and
privilege have been suspended or revoked for operating a
vehicle under the influence of an intoxicant; penalties.**
(a) No person whose license and privilege to operate a
vehicle have been revoked, suspended, or otherwise
restricted pursuant to this section or to part III or
section 291E-61 or 291E-61.5, or to part VII or part XIV or
chapter 286 or section 200-81, 291-4, 291-4.4, 291-4.5, or
291-7 as those provisions were in effect on December 31,
2001 shall operate or assume actual physical control of any
vehicle:
> (1)    In violation of any restriction placed on the
> person's license; or
> (2)    While the person's license or privilege to
> operate a vehicle remains suspended or revoked.

. . . .
(c)    Any person convicted of violating this section shall
be sentenced as follows without possibility of probation or
suspension of sentence:
> (3)    For an offense that occurs within five years of two or
> more prior convictions for offenses under this
> section, section 291E-66, or section 291-4.5 as that
> section was in effect on December 31, 2001, or any
> combination thereof;
> (A)    One year imprisonment;
> (B)    A $2,000 fine;
> (C)    Permanent revocation of the person's license and
> privilege to operate a vehicle; and
> (D)    Loss of the privilege to operate a vehicle equipped
> with an ignition interlock device, if applicable.

[3]    HRS § 291-3.1(b) provides:

**§ 291-3.1  Consuming or possessing intoxicating liquor
while operating motor vehicle or moped.** . . .

(b)    No person shall possess, while operating a motor
vehicle or moped upon any public street, road, or highway,
any bottle, can, or other receptacle containing any
intoxicating liquor which has been opened, or a seal broken,
or the contents of which have been partially removed.

ultimate colloquy; and (2) the District Court erred in admitting Philling's Traffic Abstract (**Abstract**) and two prior Notice of Administrative Review Decisions (**ADLRO Decisions**)[4] into evidence.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Philling's contentions as follows:

(1) "It is well settled in Hawai'i law that a defendant relinquishes fundamental rights only when a waiver is undertaken intelligently, knowingly, and voluntarily." State v. Wilson, 144 Hawai'i 454, 463, 445 P.3d. 35, 44 (2019) (citation omitted). "Before accepting the waiver of a fundamental right, a trial court must engage in an on-the-record colloquy with the defendant." Id.

> Hawai'i law has historically protected both the right to testify and the right not to testify. The right to testify is guaranteed by the Fifth and Sixth Amendments to the United States Constitution; the Hawai'i Constitution's parallel guarantees under article I, sections 5, 10, and 14; and HRS § 801-2. The right not to testify is guaranteed by the United States Constitution's Fifth Amendment guarantee against compelled testimony and the Hawai'i Constitution's parallel guarantee under article I, section 10.

State v. Celestine, 142 Hawai'i 165, 169, 415 P.3d 907, 911 (2018) (citations omitted). In Tachibana v. State, the Hawai'i Supreme Court established requirements that trial courts advise criminal defendants specifically of the right to testify and obtain an on-the-record waiver of that right. 79 Hawai'i 226, 236, 900 P.2d 1293, 1303 (1995).

---

[4]     ADLRO refers to the Administrative Driver's License Revocation Office.

There are two components of the Tachibana requirement. The first is that the trial court inform the defendant as to five fundamental principles pertaining to his right to testify and right not to testify:

> [(1)] that he or she has a right to testify, [(2)] that if he or she wants to testify that no one can prevent him or her from doing so, and [(3)] that if he or she testifies the prosecution will be allowed to cross-examine him or her. In connection with the privilege against self-incrimination, the defendant should also be advised [(4)] that he or she has a right not to testify and [(5)] that if he or she does not testify then the jury can be instructed about that right.

Celestine, 142 Hawai'i at 170, 415 P.3d at 912 (citing Tachibana, 79 Hawai'i at 236 n.7, 900 P.2d at 1303 n.7) (original brackets omitted).

The second component involves the court engaging in a true "colloquy" with the defendant, which "consists of a verbal exchange between the judge and the defendant 'in which the judge ascertains the defendant's understanding of the proceedings and of the defendant's rights.'" Celestine, 142 Hawai'i at 170, 415 P.3d at 912 (emphasis omitted) (quoting State v. Han, 130 Hawai'i 83, 90, 306 P.3d 128, 135 (2013)).

The trial court must "elicit[] responses as to whether the defendant intends to not testify, whether anyone is forcing the defendant not to testify, and whether the decision to not testify is the defendant's." Celestine, 142 Hawai'i at 170-71, 415 P.3d at 912-13 (citation omitted). The supreme court has instructed that a trial court should engage in a verbal exchange with the defendant at least twice: (1) once "after the court informs the defendant of the right to testify and of the right not to testify and the protections associated with these rights";

and, (2) once again "after the court indicates to the defendant its understanding that the defendant does not intend to testify." Id. at 170, 415 P.3d at 912 (citation omitted).

Here, Philling argues that the District Court failed to properly conduct the second and ultimate colloquy because the District Court failed to inform him that he has a right to testify and that if he wants to testify, no one can prevent him from doing so. Philling submits that the court's failure to ensure his understanding was particularly harmful because of Philling's reliance on an interpreter. The State acknowledges evidence in the record that English is clearly not Philling's first language, and that he was educated in Guam, not the United States.

The State concedes, and the trial transcript confirms, that although the District Court used the phrase "if you elect to testify" in various queries, the court did not inform Philling that he had a right to testify, as is required. The District Court asked Philling: "Although you should confer with your attorney whether to testify or not, you understand that the final decision is entirely up to you?" However, the court did not specifically inform Philling that if he wanted to testify, no one could prevent him from doing so.

Particularly in light of the potential language barrier here, and the lack of any additional questions to verify that Philling understood the right that he was waiving, we cannot conclude that the District Court properly established Philling's understanding of his right to testify. Therefore, the record

does not demonstrate that Philling's waiver of his right to testify was knowingly, intelligently, and voluntarily made. Han, 130 Hawai'i at 91, 306 P.3d at 136 ("The failure to ensure that [the defendant] understood his rights amounts to a failure to obtain the on-the-record waiver required by Tachibana.").

When the violation of a constitutional right has been established, "the conviction must be vacated unless the State can prove that the violation was harmless beyond a reasonable doubt." Tachibana, 79 Hawai'i at 240, 900 P.2d at 1307. Under the harmless beyond a reasonable doubt standard, the court must determine "whether there is a reasonable possibility that error might have contributed to [the] conviction." State v. Eduwensuyi, 141 Hawai'i 328, 336, 409 P.3d 732, 740 (2018). If such reasonable possibility exists, then "the judgment of conviction on which it may have been based must be set aside." State v. Pulse, 83 Hawai'i 229, 248, 925 P.2d 797, 816 (1996). When assessing whether the error was harmless, "[a] crucial if not determinative consideration . . . is the strength of the prosecution's case on the defendant's guilt." State v. Tetu, 139 Hawai'i 207, 226, 386 P.3d 844, 863 (2016) (quoting State v. Fukusaku, 85 Hawai'i 462, 482-83, 946 P.2d 32, 52-53 (1997)).

Here, the State does not argue that the faulty colloquy was harmless beyond a reasonable doubt. Moreover, the record does not contain any indication as to what Philling would have said if he had testified. This case was tried without any physical or scientific evidence, and the State made its case solely through the testimony of two police officers; the defense

6

attempted, through cross-examination and argument, to show that there was reasonable doubt. On the record in this case, we cannot conclude that the District Court's error was harmless beyond a reasonable doubt because we are unable to determine whether Philling's testimony, had he given it, could have shed light on whether Philling operated a vehicle under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for the person and guard against casualty or on who possessed the open beer bottle and/or what was in the bottle. See, e.g., Eduwensuyi, 141 Hawai'i at 336-37, 409 P.3d at 740-41.

(2) Philling argues that the Abstract was not relevant because the State failed to establish that the person named in the Abstract was Philling and it was not properly authenticated. This argument is without merit. The Abstract introduced at trial included, *inter alia*, Philling's name, date of birth, and social security number, which were also testified to by the State's witnesses; thus, the State did establish that the person named in the Abstract was Philling. The State's exhibit was certified by and bears the signature of the Clerk of the District Court. We conclude that the Abstract was self-authenticating under Hawai'i Rules of Evidence (**HRE**) Rule 902. See State v. Davis, 133 Hawai'i 102, 120, 324 P.3d 912, 930 (2014).

Philling further argues that the ADLRO Decisions should not have been admitted into evidence in lieu of the testimony of their authors to establish that Philling's license was revoked when he was cited for OVUII. As a preliminary matter, we note

that the ADLRO is a component of the Hawai'i Judiciary, acting under the authority of the Administrative Director of the Courts and in accordance with HRS Chapter 291E. The ADLRO Decisions are the types of record the ADLRO is required to create and maintain. They were certified, sealed, and signed by the Acting Custodian of Records of the ADLRO (**Custodian of Records**).

Citing <u>Melendez-Diaz v. Massachusetts</u>, 557 U.S. 305 (2009), and <u>State v. Fields</u>, 115 Hawai'i 503, 168 P.3d 955 (2007), Philling argues that the certification of the Custodian of Records was in lieu of testimony and violated his right to confrontation pursuant to the Sixth Amendment of the United States Constitution and article I, section 14 of the Hawai'i Constitution.

With respect to business or public records, this issue was clarified in <u>State v. Fitzwater</u>, 122 Hawai'i 354, 370, 227 P.3d 520, 536 (2010), wherein the defendant argued that even if a speed check card were admissible as a business record under HRE Rule 803(b)(6), the prosecution's use of the card in lieu of the testimony of the person whose statements were reflected on the card violated the defendant's right to confrontation. The supreme court rejected this argument, explaining:

> The confrontation clause provides in pertinent part that "in all criminal prosecutions, the accused shall enjoy the right to be confronted with the witnesses against him," U.S. Const. amend. VI, and this guarantee applies to both federal and state prosecutions, <u>Crawford [v. Washington]</u>, 541 U.S. [36,] 42 [(2004)]. In <u>Crawford</u>, the United States Supreme Court held that the confrontation clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." Although the Court in <u>Crawford</u> left open the possibility that the confrontation clause would apply to nontestimonial hearsay, the Court in <u>Davis v. Washington</u>, 547 U.S. 813, 821 (2006), subsequently held that

8

> "it is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause." Id. at 821. Therefore, in order to determine whether the author of a speed check card is subject to confrontation under the Sixth Amendment, we must determine whether the card is "testimonial."

Id. at 371, at 227 P.3d at 537 (footnotes, brackets, ellipsis, and parallel citations omitted).

The supreme court reviewed applicable case law and analyzed what is "testimonial" in nature, observing that the Confrontation Clause applies to "those who bear testimony," that testimony is generally a "solemn declaration or affirmation made for the purpose of establishing or proving some fact," and that "documents prepared in the regular course . . . may well qualify as nontestimonial records." Id. at 371-74, 227 P.3d at 537-40. (citations and internal quotation marks omitted). The supreme court concluded that the speed check card at issue was created in a non-adversarial setting in the regular course of maintaining a police vehicle record, well in advance of the alleged speeding incident at issue in Fitzwater and, thus, Fitzwater's right to confrontation was not violated by the admission of the speed check evidence. Id. at 374, 227 P.3d at 540; cf. State v. Souleng, 134 Hawai'i 465, 472-73, 342 P.3d 884, 891-92 (App. 2015) (concluding that a letter certifying that the defendant did not have a valid driver's license as of the pertinent date, which was prepared specifically for use at trial, i.e., to provide evidence against the defendant, was testimonial and implicated the defendant's Sixth Amendment confrontation rights).

Here, the ADLRO Decisions are official records of the outcome of prior ADLRO proceedings and were not prepared specifically for use at Philling's trial in this case. Although the underlying proceedings were confrontational in nature, the certified copies of the ADLRO Decisions were offered to prove the fact of the prior revocations, but were not offered to prove the facts supporting the ADLRO Decisions. See State v. Samonte, 83 Hawai'i 507, 534-38, 928 P.2d 1, 28-32 (1996) (holding that "a judgment of conviction in Hawai'i qualifies as a record of a public office or agency setting forth matters observed pursuant to a duty imposed by law as to which matters there was a duty to report" that is admissible pursuant to HRE Rule 803(b)(8)(B)).

Accordingly, we conclude that Philling's right to confrontation was not implicated and the District Court did not err in admitting these records into evidence.

Nevertheless, based on the District Court's failure to obtain a proper on-the-record waiver of Philling's right to testify, as required by Tachibana, the District Court's July 30, 2018 Judgment is vacated, and this case is remanded to the District Court for further proceedings.

DATED: Honolulu, Hawai'i, December 12, 2019.

On the briefs:

Teal Takayama,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge